UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLIE K. COOK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00136-JPH-MJD |
| | ) | |
| DUSHAN ZATECKY Individual Capacity, | ) | |
| MICHAEL FARJELLAH Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint
and Directing Plaintiff to Show Cause**

Charlie K. Cook, an inmate in the Indiana Department of Correction (IDOC), commenced this 42 U.S.C. § 1983 action alleging the defendants would not review and change his mental health classification code because of his religion. Dkt. 2.

**I. Screening Legal Standard**

Because Mr. Cook is a prisoner, 28 U.S.C. § 1915A(b) directs the Court to screen the complaint and dismiss a complaint or any claim within it which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and which is sufficient to give the defendant "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). The Court reads *pro se* pleadings liberally and holds them to less stringent standards than those drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II. The Complaint

Mr. Cook alleges that Dr. Michael Farjellah is violating several IDOC policies by not reviewing his mental health status "classification assignment." IDOC medical policies require Mr. Cook's health record to clearly support a mental health status classification assignment and reflect his actual mental health needs. Mr. Cook alleges that he has been at his current prison facility since February 2020 with no behavioral issues and taking no medication, both circumstances that make him "stable" pursuant to the policies. His current mental health code is C.

Other offenders have had their mental health psychological code lowered according to the same policy. But Mr. Cook believes that Dr. Farjellah is treating him differently due to Mr. Cook's "awakened consciousness," which is an immutable trait that is part of his Gnostic religion. When Mr. Cook explained his concerns to Dr. Farjellah, the doctor laughed and made jokes about "awakened consciousness" being people on LSD.

Mr. Cook was encouraged to take medication for having an awakened consciousness, but it would be fruitless to do so because the awakened consciousness is an immutable trait. He adds that the promotion of a medication without proven effectiveness is a violation of the IDOC health care service policies.

Dr. Farjellah has also "pushed" Mr. Cook to programs. These programs and continued visits with Dr. Farjellah are being used to justify mental health monitoring that Mr. Cook alleges he does not need.

Warden Dushan Zatecky is in charge of ensuring compliance with federal and state laws, and ensuring that all IDOC policies, rules, and administrative directives are followed.

Mr. Cook seeks compensatory and punitive damages.

### III. Discussion

Mr. Cook's complaint must be **dismissed** because he has not pled a constitutional injury. He alleges that he is classified for mental health code C when he should be mental health code A.[1] None of the mental health codes contain any punitive measures, and Mr. Cook has not pled any. There is no constitutional right to be classified into a particular mental health code. The policies and procedures for making those determinations do not create federal due process rights. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates"). Nor has Mr. Cook alleged any indirect harm based on his mental health classification code. Mr. Cook also does not allege that the defendants have prevented him from exercising his religion, or that he has suffered from a deliberate indifference to his serious medical needs.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Excessive force claims do not require significant injury, while conditions of confinement claims—such as Mr. Cook's—require "extreme deprivations." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (citation and quotation marks omitted). And a conditions of confinement claim asserting purely psychological injuries typically does not meet the *Welborn* standard. *Id.*; *Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996).

---

[1] According to the attachments to the complaint, a C mental health code means the offender had a psychiatric disorder that causes some functional impairment and requires frequent psychiatric and/or psychological services. Dkt. 2-1 at 6. A mental health code of B means the offender has a psychiatric disorder that causes little functional impairment and requires infrequent psychiatric services. *Id.* A mental health code of A means the offender is free of mental illness. *Id.*

In *Babcock* and *Welborn* the Seventh Circuit did not entirely foreclose claims where no physical injury occurred. Instead, it held that the plaintiffs in those cases could not establish the injury element because they did not provide evidence of "physical harm nor the kind of *extreme and officially sanctioned* psychological harm that might support a claim for damages under the Eighth Amendment." *Welborn*, 110 F.3d at 524 (emphasis added); *see Babcock*, 102 F.3d at 273 (holding that the plaintiff's "allegations of deliberate indifference do not exemplify the *egregious conduct*" causing psychological harm "sufficient to entitle him to damages under the Eighth Amendment") (emphasis added). Mr. Cook has not pled an extreme and officially sanctioned psychological harm nor egregious conduct causing such harm

In summary, Mr. Cook has not pled an injury compensable under the First or Eighth Amendment. For that reason, his complaint fails to state a claim upon which relief can be granted and is **dismissed**.

### IV. Conclusion

The complaint has been **dismissed**. Mr. Cook shall have through **July 27, 2021**, in which to file an amended complaint that cures the deficiencies identified in this Order or to show cause why the complaint should not have been dismissed. If nothing is filed by **July 27, 2021**, this action shall be dismissed and final judgment entered without further notice or opportunity to be heard.

**SO ORDERED.**

Date: 6/29/2021

                                               James Patrick Hanlon
                                               United States District Judge
                                               Southern District of Indiana

Distribution:

Charlie K. Cook, III
280769
Putnamville Correctional Facility
Electronic Service Participant – Court Only