UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLIE K. COOK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00136-JPH-MJD |
| | ) | |
| DUSHAN ZATECKY Individual Capacity, | ) | |
| MICHAEL FARJELLAH Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Amended Complaint
and Directing Filing of Second Amended Complaint**

Indiana Department of Correction inmate Charlies K. Cook, III, brought this action under 42 U.S.C. § 1983 alleging the defendants failed to modify his institutional mental health code to one that would allow him a transfer to a better prison facility. Dkt. 2. On screening pursuant to 28 U.S.C. § 1915A, the Court dismissed the complaint because no compensable constitutional injury had been pled. Dkt. 9. Mr. Cook was allowed an opportunity to file an amended complaint.

The document that Mr. Cook filed as an amended complaint is a three-sentence assertion that defendant Dr. Farellah would not change Mr. Cook's mental health code because of his religion. Dkt. 10. He also asserted the Warden Zatecky is responsible for seeing that prison policies are followed. *Id.*

Docket 10 is  is conclusory and lacks sufficient factual basis to conclude that Mr. Cook is entitled to relief. Fed. R. Civ. P. 8(a)(2). Additionally, it fails to include a "demand for the relief sought." Fed. R. Civ. P. (8)(a)(3). Finally, Docket 10 cannot be combined with the original complaint (which has been dismissed) to create a sufficient amended complaint. An amended pleading must contain all claims against all defendants and stand on its own. *See* S.D. Ind. L.R.

1

15-1(b); *see also Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

The Court will allow Mr. Cook another opportunity to file a viable amended complaint. No later than **August 25, 2021**, a **second amended complaint** may be filed that contains all claims against all parties. It must contain on its front page the title "Second Amended Complaint" and this action's case number – 2:21-cv-00136-JPH-MJD. It must contain a short and plain statement showing entitlement to relief and what relief is sought. Fed. R. Civ. P. 8(a). Because § 1983 liability is based on personal involvement, the second amended complaint must allege conduct by each individual sued, briefly describing the conduct and how it violated Mr. Cook's constitutional rights. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). Citation to legal authority is not necessary, nor is it necessary to plead exhaustion of administrative remedies at this stage of the litigation. Because a civil rights complaint form might assist Mr. Cook in filing a second amended complaint, the **clerk is directed** to send him a form complaint with his copy of this Order.

Should no viable second amended complaint be filed by **August 25, 2021**, this action will be dismissed and final judgment entered without further notice or opportunity to be heard.

**SO ORDERED**.

Date: 8/3/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Charlie K. Cook, III
280769
Putnamville Correctional Facility
Electronic Service Participant – Court Only